IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

---

**LAUREN SISSON, Individually**                        **PLAINTIFF**
**and on Behalf of Others Similarly Situated**

vs.               No. 6:14-cv-6090

**THE SALVATION ARMY**                                 **DEFENDANT**

---

## FIRST AMENDED AND SUBSTITUTED COMPLAINT-CLASS ACTION

COMES NOW Plaintiff Lauren Sisson, individually and on behalf of others similarly situated, by and through her attorneys Josh Sanford and Steve Rauls of the Sanford Law Firm, PLLC, and for her First Amended and Substituted Complaint against Defendant The Salvation Army, states and alleges as follows:

### I.

### PRELIMINARY STATEMENTS

1. Defendant has been served with this lawsuit and filed an Answer thereto on September 11, 2014 (ECF No. 7).

2. This First Amended and Substituted Complaint constitutes Plaintiff's first amendment to her Original Complaint filed herein on August 8, 2014.

3. The purposes of this First Amended and Substituted Complaint are 1) to further define and expand upon Plaintiff's individual claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*; and 2) to add a claim

under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.*

4. Plaintiff Lauren Sisson brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* (ACRA). This Court has jurisdiction over the subject matter under 28 U.S.C. § 1331.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because the acts complained of herein were committed and had their principal effect within the Western District of Arkansas.

6. This Complaint also alleges violations of the ACRA which form part of the same case or controversy and arise out of a common nucleus of operative facts as the Title VII claims alleged in this Complaint.

7. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

## II.

## THE PARTIES

8. Plaintiff Lauren Sisson ("Plaintiff") is a citizen of the United States and a resident and domiciliary of Garland County, Arkansas.

9. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant The Salvation Army as an Associate Planned Giving Director.

10. Defendant The Salvation Army ("Defendant") is a foreign nonprofit corporation registered to do business in the State of Arkansas.

11. The Salvation Army's registered agent for service of process is C.T. Corporation, located at 124 West Capitol Avenue, Suite 400, Little Rock, Arkansas 72201.

12. The Salvation Army's annual gross receipts or business done is not less than $500,000.00.

13. The Salvation Army is and for more than three years has been engaged in interstate commerce as that term is used in the FLSA.

14. At all times relevant to this Complaint, The Salvation Army was Plaintiff's employer as that term is used in Title VII and the FLSA.

### III.

### FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of her Complaint as though fully incorporated in this section.

16. Plaintiff was employed by The Salvation Army as an Associate Planned Giving Director from approximately July 16, 2012, through approximately May 3, 2013.

17. Plaintiff's primary duty as Associate Planned Giving Director was soliciting promises of future donations from prospective donors assigned to her by The Salvation Army.

18. Plaintiff did not make sales as part of her job with The Salvation Army.

Page 3 of 14
Lauren Sisson, et al. v. The Salvation Army
U.S.D.C. (W.D. Ark) 6:14-cv-6090
First Amended and Substituted Complaint

19. Plaintiff did not manage other Salvation Army employees.

20. Plaintiff did not manage The Salvation Army or a recognized division of The Salvation Army.

21. Plaintiff did not perform work directly related to The Salvation Army's general business operations.

22. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

23. Plaintiff's duties often required long hours of work, and Plaintiff worked an average of approximately sixty-two (62) hours per week during her tenure at The Salvation Army.

24. The Salvation Army told Plaintiff that she was exempt from overtime pay and did not pay her overtime premiums for hours worked in excess of forty per workweek.

25. Plaintiff's direct supervisor at The Salvation Army was Diana Laswell.

26. Throughout Plaintiff's tenure at The Salvation Army, Plaintiff met or exceeded the goals assigned to her and received positive performance reviews.

27. Diana Laswell habitually counseled Plaintiff that she could not have a professional relationship with her colleagues because she was a "young and attractive female."

28. Diana Laswell frequently engaged in inappropriate conversation about Plaintiff's gender and appearance in relation to Plaintiff's work responsibilities, subjected Plaintiff to degrading comments, and generally kept

Plaintiff in a state of uncertainty regarding her continued employment with Defendant for no legitimate reason.

29.     On April 17, 2013, Plaintiff informed Diana Laswell that her comments regarding Plaintiff's gender and appearance were inappropriate, and that Plaintiff intended to consult the Equal Employment Opportunity Commission ("EEOC") about filing a charge of gender discrimination.

30.     On April 19, 2013, Plaintiff submitted an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex.

31.     On April 22, 2013, Plaintiff informed the human resources director at The Salvation Army by email that she had filed a charge of discrimination with the EEOC.

32.     On May 2, 2013, The Salvation Army terminated Plaintiff's Employment.

## IV.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated Associate Planned Giving Directors at any time within the applicable statute of limitations period, who were classified by Defendant as FLSA exempt.

34. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

36. Upon information and belief, all Associate Planned Giving Directors employed by The Salvation Army perform the same or similar duties.

37. Upon information and belief, The Salvation Army classifies all Associate Planned Giving Directors as exempt from the overtime provisions of the FLSA.

38. The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

    a. Were, are, or will be (hereinafter "were") employed by Defendant as Associate Planned Giving Directors within the United States;

    b. Were classified by Defendant as exempt from the overtime requirements of the FLSA; and

    c. Worked more than forty hours in any workweek within the relevant time period.

39. The proposed FLSA class members are similarly situated in that they share these traits:

    a. They shared the same job title;

    b. They performed the same or similar job duties;

    c.    They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA; and

    d.    They were expected to and did work more than forty hours per workweek.

40.    Plaintiff is unable to state the exact number of the class but believes that the class exceeds fifty (50) persons.

41.    Defendant can readily identify the members of the Section 16(b) class, which encompasses all Associate Planned Giving Directors employed by Defendant within the United States.

42.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### V.

### FIRST CAUSE OF ACTION: VIOLATIONS OF TITLE VII

### A. ADMINISTRATIVE PREREQUISITES

43.    On or about April 19, 2013, Plaintiff completed an Equal Employment Opportunity Commission (EEOC) Intake Questionnaire alleging that she had been discriminated against by The Salvation Army on the basis of sex.

44. On May 17, 2014, the EEOC Charge of Discrimination was completed identifying only a retaliation claim despite Plaintiff's expressed desire to pursue her hostile work environment claim, the agents of the EEOC

45. Agents of the EEOC intentionally and negligently omitted Plaintiff's hostile work environment claim from the Charge of Discrimination over the expressed wishes of Plaintiff.

46. Plaintiff received a right to sue letter on or about May 12, 2014, and Plaintiff is within her 90-day period to sue Defendant.

47. Plaintiff brings this action against The Salvation Army under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

## B. COUNT I: HOSTILE WORK ENVIRONMENT

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. At all relevant times, Plaintiff was an "employee" of The Salvation Army within the meaning of Title VII, 24 U.S.C. § 2000e(f).

50. At all relevant times, The Salvation Army was an "employer" of Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e(b).

51. At all relevant times, The Salvation Army has been, and continues to be, engaged in an "industry affecting commerce" within the meaning of Title VII, 24 U.S.C. § 2000e(h).

52. At all relevant times, The Salvation Army has engaged in unlawful employment practices against Plaintiff within the meaning of Title VII, 24 U.S.C. § 2000e-2(a).

53. The Salvation Army, through its agents and employees, namely Plaintiff's immediate supervisor, discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's sex.

54. The Salvation Army's treatment of Plaintiff, which was motivated by Plaintiff's sex, created a hostile work environment for Plaintiff.

55. As a result of The Salvation Army's unlawful discrimination, Plaintiff seeks front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

### C. COUNT II: RETALIATION

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57. In violation of Title VII, 24 U.S.C. § 2000e-3(a), The Salvation Army discriminated against Plaintiff because she opposed The Salvation Army's unlawful practices and filed a charge with the EEOC.

58. The Salvation Army terminated Plaintiff's employment as a direct and proximate result of Plaintiff's decision to file a complaint with the EEOC.

59. As a result of The Salvation Army's unlawful retaliation, Plaintiff seeks front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and for any emotional harm, and punitive damages.

## VI.

## SECOND CAUSE OF ACTION: VIOLATIONS OF THE ACRA

### A. COUNT III: HOSTILE WORK ENVIRONMENT

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff brings this action against The Salvation Army under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

62. The Salvation Army intentionally discriminated against Plaintiff on the basis of her race in violation of A.C.A. § 16-123-107.

63. Claims brought under the ARCA are governed by the same standards as Title VII claims. Clegg v. Ark. Dep't. of Corr., 496 F.3d 922, 926 (8th Cir. 2007).

64. As more fully described hereinabove, The Salvation Army, through its agents and employees, namely Plaintiff's immediate supervisor, improperly created a hostile work environment due to Plaintiff's gender.

65. As a result of The Salvation Army's violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## VII.

## THIRD CAUSE OF ACTION: VIOLATIONS OF THE FLSA

### A. COUNT IV: INDIVIDUAL CLAIM FOR FLSA MISCLASSIFICATION

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67. The FLSA requires employers to pay each of their employees at one and one half times the employee's regular rate for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207.

68. Defendant was and is subject to the overtime requirements of the FLSA because it is an enterprise engaged in interstate commerce and because its employees, including Plaintiff, are or were engaged in interstate commerce.

69. At all relevant times, Plaintiff has been non-exempt from the overtime requirements of the FLSA.

70. Defendant assigned work to Plaintiff that required more than forty hours per week, intended for Plaintiff to work more than forty hours per week, and knew that Plaintiff worked more than forty hours per week.

71. Defendant willfully misclassified Plaintiff as overtime exempt to avoid the expense of paying overtime premiums.

72. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times her regular rate for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

73. Defendant's willful violations have caused financial damage to Plaintiff, consisting of loss of pay.

74. Defendant has not acted in good faith nor with reasonable grounds to believe that their policies complied the FLSA. Therefore, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

### B. COUNT V: COLLECTIVE ACTION CLAIM FOR FLSA MISCLASSIFICATION

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76. All Associate Planned Giving Directors employed by The Salvation Army throughout the United States, including Plaintiff, are similarly situated as that term is used in the FLSA.

77. At all relevant times, Plaintiff and all persons similarly situated have been non-exempt from the overtime requirements of the FLSA.

78. Defendant willfully misclassified Plaintiff and all persons similarly situated as overtime exempt to avoid the expense of paying overtime premiums.

79. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and all persons similarly situated one and one half times their regular rates of pay for all hours worked in excess of forty hours per week during their employment with Defendant.

80. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lauren Sisson, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant The Salvation Army be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective action class;

C. For an order entering judgment in her favor against Defendant for compensatory damages for Defendant's violations of Title VII;

D. For an order entering judgment in her favor against Defendant for compensatory damages for Defendant's violations of the ACRA;

E. For punitive damages in an amount to be determined at trial;

F. For an order entering judgment in her favor against Defendant for compensatory damages for Defendant's unlawful failure to pay her overtime compensation;

G. For liquidated damages as provided for under the FLSA;

H. For her attorneys' fees, costs, and pre-judgment interest; and

I. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF LAUREN SISSON,**
**Individually and on Behalf of Others**
**Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:   /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and   Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing AMENDED COMPLAINT was filed via the Court's CM/ECF System on this 23rd day of October, 2014, and thereby electronically served upon the following counsel of record:

Mr. J. Bruce Cross
Mr. Gregory J. Northen
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Post Office Box 3178
Little Rock, Arkansas 72203

Mr. Leonard Court
Mr. Daniel Johnson
Mr. Allen Hutson
Crowe & Dunlevy
A Professional Corporation
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102-8273

/s/ Josh Sanford
**Josh Sanford**