IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAUREN SISSON, Individually and
on Behalf of Others Similarly Situated					PLAINTIFF

	v.		CASE NO. 6:14-CV-6090

THE SALVATION ARMY							DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's motion to certify class and supporting brief (Docs. 33-34), Defendant's response in opposition (Doc. 35), Plaintiff's reply (Doc. 37), Plaintiff's supplemental exhibit (Doc. 40), and Defendant's supplemental response (Doc. 44). After careful consideration, for the reasons stated below, Plaintiff's motion (Doc. 33) is **DENIED.**

**I.   Background**

Plaintiff Lauren Sisson ("Plaintiff"), individually and on behalf of others similarly situated, filed an amended complaint (Doc. 28) alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.;* and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 *et seq*.  Plaintiff alleges that she was employed by Defendant The Salvation Army ("Defendant") as an Associate Planned Giving

Director from July 16, 2012, through approximately May 3, 2013. Plaintiff claims that Defendant misclassified her and all other Associate Planned Giving Directors as exempt from the overtime provisions of the FLSA. She asserts that she was in fact a non-exempt employee under the FLSA, and alleges that she was improperly denied overtime pay for all hours worked in excess of 40 hours per week during her employment with Defendant.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). However, employees are exempt from these overtime requirements if they are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). In order for an employee to qualify as an exempt administrative employee, her primary duty must: (1) be "the performance of office or non-manual work directly related to the management or general business operations of the employer"; and (2) "include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(2)-(3).

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or

employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.*

**II. Discussion**

Plaintiff asks the Court to conditionally certify this case as a FLSA collective action for purposes of sending court-approved notice to other similarly situated potential plaintiffs (i.e., all current and former employees of Defendant who held the title "Associate Planned Giving Director" within Defendant's Southern Territory within the three years prior to the filing of the complaint). (Doc. 33, ¶¶ 4-5).

This Court applies the two-stage *ad hoc* approach to determining whether to certify a case as a collective action under the FLSA. *Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-06003-RTD (W.D. Ark. July 31, 2013), ECF No. 22. Applying the two-part test, the Court first uses a lenient standard to determine whether the plaintiff and other potential class members are similarly situated and, if appropriate, the class is conditionally certified. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). The second stage

occurs after notice, time for opting in, and additional discovery have taken place, and is typically precipitated by the defendant filing a motion for decertification. Applying a stricter standard to the additional information before it, the Court makes a factual determination on the similarly situated question and decides whether to allow the case to proceed to trial as a collective action. *Id.*

At the first stage, the plaintiff bears the burden of making a modest factual showing that she and the putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001); *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940-41 (W.D. Ark. 2007); *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). In order to meet this burden, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 U.S. Dist. LEXIS 5623, at *6 (E.D. Mo. Jan. 27, 2009) (quotations omitted). A plaintiff's burden at this stage may be met by making substantial allegations of class-wide treatment that are supported by affidavits. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (*citing Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)).

Unsupported assertions of widespread violations are not sufficient to meet this burden. *See Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). In making this determination, the district courts may consider factors such as: (1) whether plaintiff and the potential class members worked in the same geographic location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Trogdon v. Kleenco Maint. & Constr., Inc.*, 2015 U.S. Dist. LEXIS 63919, at *5 (W.D. Ark. May 15, 2015).

In support of her argument that she and the putative class members are similarly situated, Plaintiff has made a preliminary showing that all Associate Planned Giving Directors in Defendant's Southern Territory share the same job title and job description. She has also shown that each Associate Planned Giving Director receives the same training, uses the same manuals, and is subject to the same general policies embodied in a common employee handbook. It appears to be uncontroverted that Defendant has classified all Associate Planned Giving Directors as exempt administrative employees for FLSA purposes.

In her supporting affidavit, Plaintiff avers that she worked an average of 62 hours per week and that "[t]he duties assigned to Associate Planned Giving Directors require more than forty (40) hours per week." (Doc. 33-3, ¶ 15). Plaintiff filed a supplemental affidavit from Robert Milton, an Associate Planned Giving Director from the Alabama/Louisiana/Mississippi division of Defendant's Southern Territory, indicating that he worked an estimated average of 50 hours per week. (Doc. 41, ¶ 12). Both affidavits assert that Associate Planned Giving Directors "are not involved in Defendant's general business operations" and that "TSA did not entrust me or other Associate Planned Giving Directors with the discretion to make significant business decisions." (Doc. 33-3, ¶¶ 7-8; Doc. 41, ¶¶ 6-7).

Defendant asserts in response that Plaintiff has failed to make even a modest factual showing that she and the putative class members are similarly situated. Defendant points out that while the burden on Plaintiff at this stage is lenient, it is not "invisible." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007). Defendant argues that Plaintiff is relying solely on declarations contained in her own affidavit and on substantially identical declarations contained in Milton's affidavit to show that she and the potential class members are similarly situated, but that these declarations are conclusory, not based on personal knowledge, and lacking in

sufficient detail and substance. According to Defendant, the evidence before the Court actually shows that Plaintiff was either in a probationary status as a new employee or subject to a greater-than-usual amount of oversight as part of a "performance improvement plan" for the majority of her employment, and that these circumstances prevent her from being similarly situated with other Associate Planned Giving Directors across Defendant's Southern Territory. Defendant also contends that Plaintiff has failed to present sufficient evidence to show that she and other potential class members were victims of a common policy or plan that violated the law, and that Plaintiff's identification of only one other potential class member interested in joining the lawsuit is not sufficient to merit certification of the proposed class. Finally, Defendant asserts that Plaintiff is judicially estopped from pursuing this action and is therefore not an appropriate class representative.

When a plaintiff seeking class certification asserts that she and other employees have been misclassified as exempt in violation of the FLSA, she "must typically show that the employees performed similar duties, were classified as exempt, worked more than forty hours, and were not paid overtime." *Greenwald v. Phillips Home Furnishings, Inc.*, 2009 U.S. Dist. LEXIS 7455, at \*13 (E.D. Mo. Feb. 3, 2009). As noted above, it appears to be undisputed that all Associate Planned Giving

Directors in Defendant's Southern Territory were classified as exempt and were not paid overtime. The affidavits submitted by Plaintiff, however, reflect an absence of personal knowledge as to the other elements. To demonstrate that she and all other Associate Planned Giving Directors performed similar duties, Plaintiff points to the fact that they all shared a common job title and job description, were subject to the same employee handbook, and used the same Planned Giving Manual. To show that all other Associate Planned Giving Directors worked more than 40 hours in a workweek, she relies upon her own assertion that "[t]he duties assigned to Associate Planned Giving Directors require more than forty (40) hours per week." (Doc. 33-3, ¶ 15). Plaintiff has failed to make a substantiated factual showing that the duties she actually performed were similar to those performed by other Associate Planned Giving Directors, or that all other Associate Planned Giving Directors work more than 40 hours per workweek.

Plaintiff's lack of personal knowledge on these matters likely results from the fact that the members of the proposed class are spread across a rather large geographic area.[1]

---

[1] As noted above, the Court may consider whether Plaintiff and the other potential class members worked in the same geographic location in determining whether class certification is appropriate. Under the circumstances of this case, the Court finds this factor to be especially significant, and finds that it weighs heavily against certification. In order to obtain

Defendant's Southern Territory consists of divisions encompassing fifteen states and the District of Columbia, while Plaintiff worked only in the Arkansas/Oklahoma Division. (Doc. 35, p. 7). From the evidence before the Court, it does not appear that Plaintiff had regular contact with other Associate Planned Giving Directors across the Southern Territory during the course of her employment. Accordingly, Plaintiff's assertions that she and other Associate Planned Giving Directors are similarly situated are speculative and conclusory.

The crux of Plaintiff's claim against Defendant is that she was misclassified as exempt because she was not actually involved in Defendant's general business operations and was not given discretion to make significant business decisions. Plaintiff asserts that all other Associate Planned Giving Directors across the Southern Territory were similarly misclassified. The problem with certification of a FLSA misclassification case as a collective action is that the application of FLSA exemptions requires a highly individualized, fact-specific analysis of the job duties actually performed by each employee. Defendant cites a number of cases in which class

---

certification as a collective action, a plaintiff must establish a colorable basis for her claim that a "manageable class" of similarly situated potential plaintiffs exists. *West v. Border Foods, Inc.*, 2006 WL 1892527, at *9 (D. Minn. July 10, 2006). Due to its broad geographic scope (along with other factors discussed in this opinion), the Court is not persuaded that Plaintiff's proposed class would be a manageable one.

certification was denied at the initial notice stage on this basis. *See Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 WL 4546100, at *4 (D.N.J. Dec. 19, 2007); *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006); *Diaz v. Elecs. Boutique of Am., Inc.*, 2005 WL 2654270, at *4 (W.D.N.Y. Oct. 17, 2005); *Reich v. Homier Distrib. Co., Inc.*, 362 F. Supp. 2d 1009, 1013-15 (N.D. Ind. 2005); *Holt v. Rite-Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004); *Freeman*, 256 F. Supp. 2d at 945.

According to Defendant, Associate Planned Giving Directors are subject to supervision by different Divisional Planned Giving Directors depending upon their respective geographic regions. New Associate Directors are provided more guidance than those with more experience, and "an Associate Director that is on a performance improvement plan is subject to more training and oversight than an Associate Director that is not on a performance improvement plan." (Doc. 35-6, ¶ 10). Furthermore, due to the nature of the job, "no two Associate Directors perform their jobs in the exact same manner." (Doc. 35-6, ¶ 9). The fact that Plaintiff was an employee of Defendant for less than a year and was on a performance improvement plan for a significant portion of her employment further weaken her contention that she and other potential class members are similarly situated, especially with regard to the amount of

discretion each Associate Director would have been allowed to exercise concerning significant business decisions. The Court is persuaded that a determination of liability in this case would involve an individualized analysis of the actual job duties of each prospective class member, and that this renders the case inappropriate for collective treatment. A key purpose of collective actions in general is to promote judicial efficiency by allowing certain related claims to be heard together, but the Court finds that certifying the class proposed by Plaintiff in this case would have the effect of interfering with judicial efficiency. Because the Court finds that the class proposed by Plaintiff should not be certified on this basis, it does not address Defendant's arguments that Plaintiff has failed to produce evidence that other individuals wish to opt in or that Plaintiff is judicially estopped from bringing her claims against Defendant.

## III. Conclusion

The Court finds that Plaintiff has failed to meet her initial burden of showing that she and the members of the proposed class are similarly situated. Moreover, the Court finds based upon the facts and circumstances of this case that conditional certification of the proposed class is not appropriate, and it declines to certify the class proposed by Plaintiff. For these reasons, and all other reasons set forth

above, Plaintiff's motion to certify class (Doc. 33) is **DENIED**; the motion to stay deadlines pending the Court's ruling on the motion to certify (Doc. 45) is also **DENIED AS MOOT**. Should the parties believe that modification of current deadlines as to the remaining issues is still necessary, the Court will consider any new motions to that effect.

    IT IS SO ORDERED this 7th day of July, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge
