IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAUREN SISSON                                                                                    PLAINTIFF

V.                                        CASE NO. 6:14-CV-06090

THE SALVATION ARMY                                                              DEFENDANT

## ORDER

Before the Court is Defendant's Motion and Brief in Support of Bill of Costs. ECF No. 73. Plaintiff has filed a response. ECF No. 74. Defendant has filed a reply. ECF No. 78. The Court finds this matter ripe for consideration.

On August 3, 2016, the Court entered a Memorandum Opinion granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment. ECF No. 71. That same day, the Court entered a judgment in favor of Defendant. ECF No. 72.

On August 12, 2016, Defendant filed the present Motion seeking recovery of $8,357.45 as costs incurred. ECF No. 73, p. 3. Specifically, Defendant seeks to recover (1) $2,388.00 for the cost of two deposition transcripts; (2) $5,964.45 for the cost of printing and copying files; and (3) $5.00 in docket fees. ECF No. 73, pp. 2-3.  Defendant argues an award of these costs is appropriate pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, 28 U.S.C. § 1923(a), and Local Rule 54.1.[1]

---

[1] Local Rule 54.1 is inapplicable in this situation, as Local Rule 54.1 only addresses awards of attorneys' fees. Defendant specifically says "[Defendant] is not seeking an award of attorneys' fees." ECF No. 78, p. 2.

Courts should award costs other than attorneys' fees to the prevailing party in a lawsuit, unless a federal statute, procedural rule, or court order provides otherwise. FED. R. CIV. P. 54(d)(1). 28 U.S.C. § 1920 and 28 U.S.C. § 1923(a), likewise, allow the Court discretion to award certain costs. "Rule 54(d) presumes an award of costs to the prevailing party; however, district courts have substantial discretion in awarding costs," *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006), and "the decision whether to award costs ultimately lies within the sound discretion of the district court," *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016). The rule is "phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Marmo*, 457 F.3d at 762. The economic hardship of a party against whom costs are to be assessed is a proper factor for the Court to consider in deciding whether or not to award costs to the prevailing party, but economic hardship is not in itself determinative. *In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (citing *Lampkins v. Thompson*, 337 F.3d 1009 (8th Cir. 2003)); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) (stating that it is within a court's discretion to deny costs because a plaintiff is poor or for other good reason).

In the present case, it is undisputed that Plaintiff is currently in bankruptcy proceedings. Defendant argues that this fact should not be used as a basis to deny the present motion, as Plaintiff has allegedly attempted in this litigation to "use her bankruptcy as both a shield and a sword[.]" This argument is unpersuasive. Regardless of how Plaintiff may have attempted to characterize her bankruptcy, it does not change the fact that she is currently in bankruptcy proceedings and would likely be unable to pay the costs presented.

For the reasons stated above, the Court, in the exercise of its discretion, declines to award Defendant its costs in this matter. Accordingly, Defendant's Motion and Brief in Support of Bill of Costs (ECF No. 73) is hereby **DENIED**.

**IT IS SO ORDERED**, this 30th day of January, 2017.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge